**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMIA CAPITAL MACRO MASTER FUND LIMITED, AMUNDI FUNDS - EMERGING MARKETS BOND, AMUNDI INVESTMENT FUNDS - EMERGING MARKETS SOVEREIGN BOND, CAIUS CAPITAL MASTER FUND, CORBIN ERISA OPPORTUNITY FUND, LTD., CROWN MANAGED ACCOUNTS SPC - CROWN/GT SEGREGATED PORTFOLIO, FS CREDIT INCOME FUND, GN3 SIP LIMITED, GOLDENTREE CO-INVEST MASTER FUND II LTD., GOLDENTREE DISTRESSED MASTER FUND III LTD., GOLDENTREE DISTRESSED ONSHORE MASTER FUND III LP, GOLDENTREE EMERGING MARKETS MASTER FUND ICAV, GOLDENTREE INSURANCE FUND SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, L.P., GOLDENTREE MASTER FUND, LTD., GOLDENTREE MULTI SECTOR-C LP, GOLDENTREE NJ DISTRESSED FUND 2015 LP, GOLDENTREE V1 MASTER FUND, L.P., GT CREDIT FUND LP, GT G DISTRESSED FUND 2020 LP, GT NM, LP, GUADALUPE FUND, LP, HIGH YIELD AND BANK LOAN SERIES TRUST, KAPITALFORENINGEN INDUSTRIENS PENSION PORTFOLIO - EMERGING MARKETS OBLIGATIONER I, LOUISIANA STATE EMPLOYEES RETIREMENT SYSTEM, MA MULTI-SECTOR OPPORTUNISTIC FUND, LP, PINEHURST PARTNERS, L.P., SAN BERNARDINO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, and BEAUREGARDE HOLDINGS LLP, <br><br>     Plaintiffs, <br><br> v. <br><br> THE PROVINCE OF BUENOS AIRES, <br><br>     Defendant. | Case No.: 21-cv- <br><br> **COMPLAINT** |

Plaintiffs Amia Capital Macro Master Fund Limited, Amundi Funds - Emerging Markets Bond, Amundi Investment Funds - Emerging Markets Sovereign Bond, Caius Capital Master

Fund, Corbin ERISA Opportunity Fund, Ltd., Crown Managed Accounts SPC - Crown/GT Segregated Portfolio, FS Credit Income Fund, GN3 SIP Limited, GoldenTree Co-Invest Master Fund II Ltd., GoldenTree Distressed Master Fund III Ltd., Goldentree Distressed Onshore Master Fund III LP, GoldenTree Emerging Markets Master Fund ICAV, GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P., GoldenTree Master Fund, Ltd., GoldenTree Multi Sector-C LP, GoldenTree NJ Distressed Fund 2015 LP, GoldenTree V1 Master Fund, L.P., GT Credit Fund LP, GT G Distressed Fund 2020 LP, GT NM, LP, Guadalupe Fund, LP, High Yield and Bank Loan Series Trust, Kapitalforeningen Industriens Pension Portfolio - Emerging Markets Obligationer I, Louisiana State Employees Retirement System, MA Multi-Sector Opportunistic Fund, LP, Pinehurst Partners, L.P., San Bernardino County Employees Retirement Association, and Beauregarde Holdings LLP (collectively, "Plaintiffs"), for their complaint against Defendant the Province of Buenos Aires ("PBA"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising from PBA's failure to make contractually-mandated principal and interest payments on certain debt securities issued by PBA (the "Notes"), in which Plaintiffs own beneficial interests totaling approximately $204.8 million[1] of aggregate principal amount outstanding under the Notes.

2. PBA has failed to make any of the principal or interest payments on the Notes since April 2020.

## PARTIES

3. Plaintiff Amia Capital Macro Master Fund Limited is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at

---

[1] Figures provided herein are estimates and reflect conversion of Euro to U.S. dollar and are subject to change based on currency conversion rates.

Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104. Plaintiff Amia Capital Macro Master Fund Limited is the beneficial owner of $10,683,167 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

4. Plaintiff Amundi Funds – Emerging Markets Bond, where Emerging Markets Bond is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company organized as a "société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg. Plaintiff Amundi Funds - Emerging Markets Bond is the beneficial owner of $5,900,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

5. Plaintiff Amundi Investment Funds - Emerging Markets Sovereign Bond, where Emerging Markets Sovereign Bond is a sub-fund of the umbrella fund Amundi Investment Funds (formerly named PI Investment Funds), an open-ended investment company incorporated as a "société d'Investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg. Plaintiff Amundi Investment Funds - Emerging Markets Sovereign Bond is the beneficial owner of $900,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

6. Plaintiff Caius Capital Master Fund is an exempted company organized under the laws of the Cayman Islands with a registered office address at Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1- 1104. Plaintiff Caius is the beneficial owner of $24,165,625 in principal amount across all series of the Notes in which it holds a beneficial interest.

7. Plaintiff Corbin ERISA Opportunity Fund, Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered address at c/o Elian Fiduciary Services (Cayman) Limited, 89 Nexus Way, Camana Bay, Cayman Islands KY1-9007. Plaintiff Corbin ERISA Opportunity Fund, Ltd. is the beneficial owner of $2,015,847 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

8. Plaintiff Crown Managed Accounts SPC - Crown/GT Segregated Portfolio is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o LGT Bank In Liechtenstein (Cayman) Limited, UBS House, 227 Elgin Avenue, P.O. Box 852, Grand Cayman, KY1-1103, Cayman Islands. Plaintiff Crown Managed Accounts SPC - Crown/GT Segregated Portfolio is the beneficial owner of $658,980 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

9. Plaintiff FS Credit Income Fund is a mutual fund organized and existing under the laws of the state of Delaware with a registered office address of at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904. Plaintiff FS Credit Income Fund is the beneficial owner of $1,950,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

10. Plaintiff GN3 SIP Limited is a limited company organized and existing under the laws of Jersey with a registered office address of Gaspe House 66-72 Esplande, St Helier, Jersey, JE2 3QT. Plaintiff GN3 SIP Limited is the beneficial owner of $21,806,305 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

11. Plaintiff GoldenTree Co-Invest Master Fund II Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104.

Plaintiff GoldenTree Co-Invest Master Fund II Ltd. is the beneficial owner of $21,323,930 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

12. Plaintiff GoldenTree Distressed Master Fund III Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104. Plaintiff GoldenTree Distressed Master Fund III Ltd. is the beneficial owner of $16,540,077 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

13. Plaintiff Goldentree Distressed Onshore Master Fund III LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c /o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff Goldentree Distressed Onshore Master Fund III LP is the beneficial owner of $5,258,823 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

14. Plaintiff GoldenTree Emerging Markets Master Fund ICAV is a collective asset management vehicle organized and existing under the laws of Ireland with a registered office address at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.  Plaintiff GoldenTree Emerging Markets Master Fund ICAV is the beneficial owner of $761,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

15. Plaintiff GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P. is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P. is the beneficial owner of $2,535,854 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

16. Plaintiff GoldenTree Master Fund, Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Intertrust Cayman Islands, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. Plaintiff GoldenTree Master Fund, Ltd. is the beneficial owner of $59,685,107 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

17. Plaintiff GoldenTree Multi Sector-C LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904. Plaintiff GoldenTree Multi Sector-C LP is the beneficial owner of $480,400 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

18. Plaintiff GoldenTree NJ Distressed Fund 2015 LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904. Plaintiff GoldenTree NJ Distressed Fund 2015 LP is the beneficial owner of $5,961,269 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

19. Plaintiff GoldenTree V1 Master Fund, L.P. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Walkers Corporate Limited, Cayman Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands. Plaintiff GoldenTree V1 Master Fund, L.P. is the beneficial owner of $3,562,871 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

20. Plaintiff GT Credit Fund LP is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Walkers Corporate Limited,

Cayman Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands.  Plaintiff GT Credit Fund LP is the beneficial owner of $508,642 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

21.     Plaintiff GT G Distressed Fund 2020 LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GT G Distressed Fund 2020 LP is the beneficial owner of $2,547,101 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

22.     Plaintiff GT NM, L.P. is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GT NM, L.P. is the beneficial owner of $2,418,200 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

23.     Plaintiff Guadalupe Fund, LP is a limited partnership organized and existing under the laws of the state of Texas with a registered office address at 1200 North Interstate 35, Austin, Texas 78701.  Plaintiff Guadalupe Fund, LP is the beneficial owner of $996,333 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

24.     Plaintiff High Yield And Bank Loan Series Trust is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o State Street Cayman Trust Company, Ltd, P.O. Box 31113, 45 Market Street, Suite 3307, Camana Bay, KY1-1205, Cayman Islands.  Plaintiff High Yield And Bank Loan Series Trust is the beneficial owner of $3,358,404 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

25. Plaintiff Kapitalforeningen Industriens Pension Portfolio - Emerging Markets Obligationer I is a pension fund organized and existing under the laws of Denmark with a registered office address at c/o Nykredit Portefolje Administration A/S, Otto Monsteds Plads 9, Copenhagen, Denmark 1563. Plaintiff Kapitalforeningen Industriens Pension Portfolio - Emerging Markets Obligationer I is the beneficial owner of $53,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

26. Plaintiff Louisiana State Employees Retirement System is a pension plan organized and existing under the laws of the state of Louisiana with a registered address at 8404 United Plaza Boulevard, 1st Floor, Baton Rouge, Louisiana 70809. Plaintiff Louisiana State Employees Retirement System is the beneficial owner of $892,800 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

27. Plaintiff MA Multi-Sector Opportunistic Fund, LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904. Plaintiff MA Multi-Sector Opportunistic Fund, LP is the beneficial owner of $484,333 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

28. Plaintiff Pinehurst Partners, L.P. is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Plaintiff Pinehurst Partners, L.P. is the beneficial owner of $1,436,952 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

29. Plaintiff San Bernardino County Employees Retirement Association is a public pension plan organized and existing under the laws of the state of California with a registered

office address at 348 W. Hospitality Lane, 3rd Floor, San Bernardino, California 92415. Plaintiff San Bernardino County Employees Retirement Association is the beneficial owner of $5,826,824 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

30. Plaintiff Beauregarde Holdings LLP is a limited liability partnership organized and existing under the laws of the United Kingdom with a registered office address at Devonshire House, 60 Goswell Road, London, England, EC1M 7AD. Plaintiff Beauregarde Holdings LLP is the beneficial owner of $2,066,667 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

31. Defendant PBA is a political subdivision of the Republic of Argentina, a foreign state as the term is defined in 28 U.S.C. § 1603, and the issuer of the Notes.

## JURISDICTION AND VENUE

32. This Court has jurisdiction under 28 U.S.C. § 1330 and § 1605 because this is a non-jury action against a foreign state that is not entitled to sovereign immunity.

33. PBA has irrevocably waived immunity from suit, execution, attachment or other legal process with respect to the Indenture (defined below) and Notes to the fullest extent permitted under the United States Foreign Sovereign Immunities Act of 1976, as amended. Ex. 1 § 9.7; Ex. 1 at Ex. C § 13.

34. PBA also is not entitled to sovereign immunity because this action is based upon a commercial activity PBA carries on in the United States. 28 U.S.C. § 1605(a)(2).

35. PBA irrevocably agreed to personal jurisdiction in this Court with respect to actions arising out of the Indenture or Notes. Ex. 1 § 9.7; Ex. 1 at Ex. C § 13.

36. Venue is proper in this District by agreement of the parties. *See* Ex. 1 § 9.7; Ex. 1 at Ex. C § 13. Venue is also proper in this District, pursuant to 28 U.S.C. § 1391(f)(1) because a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District.

37.   PBA appointed Banco de la Provincia de Buenos Aires, with an office located at 609 Fifth Avenue, New York, New York 10017, as its agent "to receive on behalf of [PBA] and its property service of any summons and complaint and other process which may be served in any such suit, action or proceeding, except any suit, action or proceeding arising out of U.S. federal or state securities laws." Ex. 1 § 9.7.

## FACTUAL ALLEGATIONS

38.   On or around January 12, 2006, PBA, as issuer, and The Bank of New York, as trustee (the "Trustee"), executed an indenture dated January 12, 2006 (the "Indenture") (**Exhibit 1**), pursuant to which PBA issued the six series of Notes at issue in this case.  The obligations of PBA under and in respect of the Notes are set forth in: (i) the Indenture; (ii) the individual global certificates executed by PBA and authenticated by the Trustee in respect of the Notes (the "Global Notes"), the form of which is set forth in Exhibit A to the Indenture; and (iii) the terms and conditions appended to the Global Notes (the "Terms and Conditions"), the form of which is set forth in Exhibit C to the Indenture.

39.   Plaintiffs are beneficial owners of the Notes as set forth in **Exhibit 2**.  The six note issuances are described below:

  a. The "4.00% USD 2020 Notes" are U.S. dollar denominated, have an annual rate of interest of 4.00% and matured on May 1, 2020.  The 4.00% USD 2020 Notes provide for (i) payment of interest on May 1 and November 1 of each year and (ii) payment of principal in equal semi-annual installments beginning on November 1, 2017.  The Plaintiffs identified in Paragraphs 3, 7, 10-13, 19-20 and 28-29 of this

Complaint are beneficial owners of the 4.00% USD 2020 Notes and shall be the "Count I Plaintiffs."

b. The "4.00% EUR 2020 Notes" are Euro denominated, have an annual rate of interest of 4.00% and matured on May 1, 2020. The 4.00% EUR 2020 Notes provide for (i) payment of interest on May 1 and November 1 of each year and (ii) payment of principal in equal semi-annual installments beginning on November 1, 2017. The Plaintiffs identified in Paragraphs 3, 7-8, 10-13, 15-20, 23-24, and 26-30 of this Complaint are beneficial owners of the 4.00% EUR 2020 Notes and shall be the "Count II Plaintiffs."

c. The "10.875% 2021 Notes" are U.S. dollar denominated, have an annual rate of interest of 10.875% and matured on January 26, 2021. The 10.875% 2021 Notes provide for (i) payment of interest on January 26 and July 26 of each year and (ii) payment of principal in three installments: 33.33% on January 26, 2019, 33.33% on January 26, 2020 and 33.34% on January 26, 2021. The Plaintiffs identified in Paragraphs 3, 8, 10-11, 15-16, 19, 22-24, 26-27, and 29-30 of this Complaint are beneficial owners of the 10.875% 2021 Notes and shall be the "Count III Plaintiffs."

d. The "9.625% 2028 Notes" are U.S. dollar denominated, have an annual rate of interest of 9.625% and mature on April 18, 2028. The 9.625% 2028 Notes provide for (i) payment of interest on April 18 and October 18 of each year and (ii) payment of principal in three installments: 33.33% on April 18, 2026, 33.33% on April 18, 2027, and 33.33% on April 18, 2028. The Plaintiffs identified in Paragraphs 3, 6, 10, 12, 16, and 29 of this Complaint are beneficial owners of the 9.625% 2028 Notes and shall be the "Count IV Plaintiffs."

  e. The "<u>4.00% USD 2035 Notes</u>" are U.S. dollar denominated, have an annual rate of interest of 4.00%, and fully mature on May 15, 2035.  The 4.00% USD 2035 Notes provide for (i) payment of interest on May 15 and November 15 of each year, and (ii) payment of principal in equal semi-annual installments beginning on November 15, 2020.  The Plaintiffs identified in Paragraphs 4 and 6-29 of this Complaint are beneficial owners of the 4.00% USD 2035 Notes and shall be the "<u>Count V Plaintiffs</u>."

  f. The "<u>4.00% EUR 2035 Notes</u>" are Euro denominated, have an annual rate of interest of 4.00%, and fully mature on May 15, 2035.  The 4.00% EUR 2035 Notes provide for (i) payment of interest on May 15 and November 15 of each year, and (ii) payment of principal in equal semi-annual installments beginning on November 15, 2020.  The Plaintiffs identified in Paragraphs 4-24 and 26-29 of this Complaint are beneficial owners of the 4.00% USD 2035 Notes and shall be the "<u>Count VI Plaintiffs</u>."

40. Pursuant to Section 4.1 of the Indenture and Section 5 of the Terms and Conditions, each of the following constitute an Event of Default: (i) PBA "fails to pay any principal due on any Series of Debt Securities when due and payable for 10 days after the applicable Payment Date," and (ii) PBA "fails to pay any interest or Additional Amounts due on any Series of Debt Securities when due and payable for 30 days after the applicable Payment Date[.]"

41. PBA has not made any payments of principal or interest that came due on the Notes on and after April 18, 2020.  As of the date of this Complaint, the aggregate unpaid interest on the Notes due and owing to Plaintiffs is approximately $9.9 million, and the aggregate unpaid principal on the Notes due and owing to Plaintiffs is approximately $20.4 million.

42. PBA's failure to pay the principal and interest amounts due and owing on the Notes is a continuing Event of Default under the Indenture and under each series of the Notes. Pursuant to the Indenture, interest on each series of the Notes continues to accrue at the applicable contract rate until the amount due on such series of Notes is paid-in-full.

43. Pursuant to Section 4.8 of the Indenture, each Holder (as such term is defined in the Indenture) of the Notes has a right to institute a lawsuit to enforce PBA's payment obligations on the Notes. Ex. 1 § 4.8. As beneficial owners of the Notes, Plaintiffs have the same right to sue pursuant to Section 17 of the Terms and Conditions: "The Province expressly acknowledges, with respect to the right of any Holder to pursue a remedy under the Indenture or the Securities, the right of any beneficial owner of Securities to pursue such remedy with respect to the portion of the Global Security that represents such beneficial owner's interest in this Security as if Certificated Securities had been issued to such beneficial owner." Ex. 1 at Ex. C § 17.

44. All other conditions precedent to Plaintiffs' recovery with respect to past-due payments of interest and principal have occurred, have been performed, or have been waived.

### COUNT I
### (Breach of Contract: 4.00% USD 2020 Notes)

45. The Count I Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. PBA is party to the Indenture and 4.00% USD 2020 Notes in which the Count I Plaintiffs hold beneficial interests.

47. PBA breached the Indenture and 4.00% USD 2020 Notes by failing to make the interest payment that became due and payable on May 1, 2020. As more than 30 days have passed since such interest payments became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 4.00% USD 2020 Notes.

48. PBA also breached the Indenture and 4.00% USD 2020 Notes by failing to make the principal payment that became due and payable on May 1, 2020. As more than 10 days have passed since such principal payment became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 4.00% USD 2020 Notes.

49. As a result of PBA's breach, the Count I Plaintiffs have suffered damages in the aggregate amount of approximately $884,954 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## COUNT II
### (Breach of Contract: 4.00% EUR 2020 Notes)

50. The Count II Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

51. PBA is party to the Indenture and 4.00% EUR 2020 Notes in which the Count II Plaintiffs hold beneficial interests.

52. PBA breached the Indenture and 4.00% EUR 2020 Notes by failing to make the interest payment that became due and payable on May 1, 2020. As more than 30 days have passed since such interest payment became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 4.00% EUR 2020 Notes.

53. PBA breached the Indenture and 4.00% EUR 2020 Notes by failing to make the principal payment that became due and payable on May 1, 2020. As more than 10 days have passed since such principal payment became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 4.00% EUR 2020 Notes.

54. As a result of PBA's breach, the Count II Plaintiffs have suffered damages in the aggregate amount of approximately $2,352,989 as of the date of this Complaint, plus the interest

and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

### COUNT III
### (Breach of Contract: 10.875% 2021 Notes)

55. The Count III Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

56. PBA is party to the Indenture and 10.875% 2021 Notes in which the Count III Plaintiffs hold beneficial interests.

57. PBA breached the Indenture and 10.875% 2021 Notes by failing to make the interest payments due on July 26, 2020 and January 26, 2021. As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 10.875% 2021 Notes.

58. PBA also breached the Indenture and the 10.875% 2021 Notes and the principal payment due on January 21, 2021. As more than 10 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 10.875% 2021 Notes.

59. As a result of PBA's breach, the Count III Plaintiffs have suffered damages in the aggregate amount of approximately $12,539,825 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

### COUNT IV
### (Breach of Contract: 9.625% 2028 Notes)

60. The Count IV Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

61. PBA is party to the Indenture and 9.625% 2028 Notes in which the Count IV Plaintiffs hold beneficial interests.

62. PBA breached the Indenture and 9.625% 2028 Notes by failing to make the interest payments due on April 18, 2020 and October 18, 2020. As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 9.625% 2028 Notes.

63. As a result of PBA's breach, the Count IV Plaintiffs have suffered damages in the aggregate amount of approximately $1,645,298 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## COUNT V
### (Breach of Contract: 4.00% USD 2035 Notes)

64. The Count V Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

65. PBA is party to the Indenture and 4.00% USD 2035 Notes in which the Count V Plaintiffs hold beneficial interests.

66. PBA breached the Indenture and 4.00% USD 2035 Notes by failing to make the interest payments due on May 15, 2020 and November 15, 2020. As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 4.00% USD 2035 Notes.

67. PBA also breached the Indenture and the 4.00% USD 2035 Notes by failing to make the principal payment due on November 15, 2020. As more than 10 days have passed since the amount became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the 4.00% USD 2035 Notes.

68. As a result of PBA's breach, the Count V Plaintiffs have suffered damages in the aggregate amount of approximately $4,717,590 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## COUNT VI
### (Breach of Contract: 4.00% EUR 2035 Notes)

69. The Count VI Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

70. PBA is party to the Indenture and 4.00% EUR 2035 Notes in which the Count VI Plaintiffs hold beneficial interests.

71. PBA breached the Indenture and 4.00% EUR 2035 Notes by failing to make the interest payments due on May 15, 2020 and November 15, 2020. As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 4.00% EUR 2035 Notes.

72. PBA also breached the Indenture and the 4.00% EUR 2035 Notes by failing to make the principal payment due on November 15, 2020. As more than 10 days have passed since the amount became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the 4.00% EUR 2035 Notes.

73. As a result of PBA's breach, the Count VI Plaintiffs have suffered damages in the aggregate amount of approximately $7,978,804 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against PBA on Counts I through VI as follows:

a.    for judgments in favor of each Plaintiff against PBA in the amounts set forth on Exhibit 2, in the aggregate amount of approximately $30 million as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest;

b.    all costs, fees, including attorneys' fees, and other expenses; and

c.    such other and further relief as is appropriate.

Dated:    March 23, 2021
New York, New York

WHITE & CASE LLP

*s/ Glenn M. Kurtz*
Glenn M. Kurtz
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-819-8200
gkurtz@whitecase.com

*Attorneys for Plaintiffs*